```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
```

ERIC KELLEY,
    Plaintiff,

    v.                                         CIVIL ACTION NO.
                                                      13-12513-DPW

DEVAL PATRICK, et al.,
    Defendants.

## MEMORANDUM AND ORDER

    For the reasons stated below, this action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

    Plaintiff Eric Kelley commenced this civil rights action on October 11, 2013 while an inmate housed at the Massachusetts Substance Abuse Center ("MASAC") concerning the conditions of his confinement and his classification status.  With his complaint, he filed an Application to Proceed Without Prepayment of Fees and a Motion for Appointment of Counsel.

    This action was initially assigned pursuant to the Court's Program for Random Assignment of Civil Cases to Magistrate Judges.  By Memorandum and Order dated November 26, 2013, Kelley's Application was granted and he was assessed an initial partial filing fee of $18.60 with the balance of $331.40 to be collected pursuant to 28 U.S.C. § 1915(b)(2).  See Docket No. 5. Kelley was advised that his complaint was subject to dismissal unless he either showed cause why this action should not be dismissed or filed an Amended Complaint curing the deficiencies

noted in the Memorandum and Order.  Id.

On December 16, 2013, Kelley filed a one-page document titled "Amendment of the Complaint" in which he seeks to add two correctional employees as defendants because of their alleged confiscation of his legal documents and papers on November 26, 2013.  See Docket No. 10.  He also filed a one-page opposition to the November 26, 2013, Memorandum and Order arguing that the Court must accept as true the factual allegations in the complaint.  See Docket No. 9.

By Memorandum and Order dated March 3, 2014, Kelley was advised that his amendment was insufficient and he was granted additional time to file a second amended complaint.  See Docket No. 11.  Kelley was granted until April 14, 2014 to file a second amended complaint.

The Court's records indicate that Kelley has not filed a response to the March 3, 2014 Memorandum and Order.  On May 1, 2014, this action was randomly reassigned to the undersigned.  See Docket No. 13.

## DISCUSSION

Under Federal Rule of Civil Procedure 41(b), a court may dismiss a claim "for failure of the plaintiff to prosecute or to comply with these rules or any order of the court."  See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962).  This authority flows from a Court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and

avoid congested court calendars.  Id. at 629-31.

Since November 2013, the Court has issued two orders advising Kelley of the pleading deficiencies of his pleadings and permitting him to file an amended pleading.  See Docket Nos. 5, 11.  To date, plaintiff has failed to comply with the March 3, 2014 Memorandum and Order.  Accordingly, the Court will dismiss his complaint without prejudice pursuant to Rule 41(b) for failure to follow an order of the Court.

## ORDER

Based upon the foregoing, it is hereby ORDERED that this action be, and it hereby is, DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

SO ORDERED.

|  May 26, 2014  | /s/ Douglas P. Woodlock |
|---|---|
| DATE | DOUGLAS P. WOODLOCK |
|  | UNITED STATES DISTRICT JUDGE |